LEOPOLDO J. E. VÁZQUEZ PRADA LÓPEZ, Plaintiff and Appellant, *v.* CIPRIANO SANTOS LANCHAS ET AL., Defendants and Appellees.

No. 6680. Argued May 29, 1935.—Decided December 23, 1935.

*Leopoldo J. E. Vázquez Prada López, in pro. per.,* for appellant. *Gilberto Concepción de Gracia* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this case suit was brought, in the District Court of San Juan, by Leopoldo J. E. Vázquez Prada y López, to annul a summary foreclosure proceeding (case No. 9232)

instituted by defendant Cipriano Santos y Lanchas against Luisa López Laborde and her children, including the judgment rendered therein, the award of the mortgaged house to Santos in execution of the judgment, the mortgage on the house executed by Santos in favor of Merino Rodríguez Hermanos, and the sale thereof to Martín Sánchez, the deed of partition of the estate of Sánchez, and any other transfer made by Santos of the house in question.

The complaint sets forth four causes of action. In the first, it was alleged, in short, that on March 30, 1916, Luisa López Laborde, for herself and on behalf of her children Jaime José, Luz, Estela Catalina, Marina Petra, Leopoldo José Eulogio, Arturo Leopoldo, and Luisa Ana María, constituted a voluntary mortgage on house No. 24, located on San José Street, in this city of San Juan, in favor of Cipriano Santos, to secure the sum of $8,400, with interest thereon and costs;

That on November 11, 1916, Santos instituted, in the District Court of San Juan, a summary proceeding, No. 9232, to foreclose his mortgage credit, and that after a writ demanding payment had been issued, directed to the marshal, such writ was served by Bernardo Artigas, a private individual, by delivering to Luisa López Laborde personally and as mother with *patria potestas* over her minor children, a copy of it and of the complaint and of the documents attached thereto;

That on February 6, 1917, judgment was rendered against defendants, Mrs. López Laborde and her children, ordering the marshal to sell at public auction the mortgaged house and to pay out of the proceeds of such sale, $8,400 as principal, $315 as interest up to October 31, 1916, and any interest that might accrue up to the date of full payment of the debt, and $1,150 for costs, disbursements, and attorney's fees;

That after the public auction was held on February 28, 1917, the house was awarded to the creditor Santos, who caused his title to be recorded in the registry.

In the second cause of action it was alleged that the house had been sold by the marshal, without any attachment having been levied thereon, and that the present plaintiff, L. J. E. Vázquez Prada y López, who was of age when the proceeding was instituted, was not personally served with process.

In the third count it was alleged that the rents and profits (*frutos*) produced by the house and received by Santos amounted to $44,000; that on December 1, 1916, the plaintiff tendered to Santos the sum of $8,400 with interest thereon at the rate of 9 per cent per annum and Santos refused, claiming that they owed him $15,000; that by reason of the unlawful foreclosure of the mortgage the plaintiff was prevented from selling the property for $22,750, thus losing $14,061.72, and that the property at the time of the foreclosure was worth $25,807.72. Damages in the sum of $58,061.72 were claimed.

The fourth cause of action relates to the mortgage executed in 1918 in favor of Merino Rodríguez Hermanos, who, it was alleged, had notice of the nullity of the demand for payment from the record of case No. 9232, and to the invalidity of the sale made in 1923 to Gabriel Martín Sánchez, who was charged with notice of the defects in the proceeding from the said records, kept in the office of the clerk of the Disrtict Court of San Juan, and from the fact that he was the father of Santos' wife. The death of Sánchez was alleged and mention made of his heirs, who were also charged with knowledge of the nullity through the record and through their relationship with the wife of the defendant Santos.

Defendant Santos and his wife in their answer denied some of the above allegations and admitted others, and set up as special defenses: Want of facts sufficient to constitute the causes of action alleged; *res judicata*, because in 1926, the plaintiff jointly with his brothers brought, in the District Court of San Juan, a suit against the present defend-

ants (case No. 1052), to annul the said mortgage foreclosure proceeding, and alleged in substance the same causes of action now relied on, which suit was dismissed by a judgment rendered on February 21, 1927, said judgment being affirmed by this Supreme Court on July 26, 1929, and because on August 10, 1929, the plaintiff and his brothers filed another suit, case No. 10187 of the District Court of San Juan, wherein the present defendants were joined as parties defendant and prayer was also made for the nullity of the foreclosure proceeding in question, which suit was decided by a judgment adverse to the plaintiff and his brothers, who appealed therefrom and later abandoned their appeal, the same being accordingly dismissed by the Supreme Court on July 16, 1932; and another action pending, because in October 1928, the plaintiff and his brothers brought, in said district court, a suit for specific performance (case No. 7942), wherein they alleged "that on January 2, 1923, the plaintiff heirs agreed with the defendant and his wife, Nestora Martín Moro de Santos to convey as they did convey to the latter the real property described in the fifth paragraph of this amended complaint in consideration of the sum of sixteen thousand six hundred dollars ($16,600), to be paid by the defendants to the plaintiff heirs eleven years and ten months after the foreclosure, that is, on February 28, 1929; and that said agreement was made because the property in question was worth twenty-five thousand dollars ($25,000)"; and said suit, which is inconsistent with the present action, is still pending in the District Court of San Juan.

The issue having thus been joined, the case went to trial, and the court decided it by a judgment in favor of the defendant. Said judgment is based on a statement of the case and opinion which in its pertinent part reads thus:

"  *        *        *        *        *        *        *

"The documentary evidence introduced by the plaintiff may be summed up as follows: Birth certificate of Leopoldo, José, Eulogio

Vázquez Prada y López, evidencing the fact that he was born in the town of Manatí on September 13, 1895; according to this birth certificate, it is evident that on the day the foreclosure proceeding in case No. 9232 was begun, the plaintiff was 21 years, 2 months, and 28 days old;

" *　　　*　　　*　　　*　　　*　　　*　　　*

"As bearing upon what we will state further on in this opinion, we will now consider the record of case No. 9232, *Cipriano Santos y Lanchas* v. *Luisa López Laborde et al.,* a summary foreclosure proceeding. That proceeding was commenced on November 11, 1916, and on the same day, this court, acting through Judge Félix Córdova Dávila, made an order for the issuance of a writ demanding payment directed to the defendants, which order is transcribed in the writ . . . . On the back of this writ appears a return signed and sworn to by Bernardo Artigas, wherein it is set forth that on November 11, 1916, he notified Luisa López Laborde, personally and as mother with *patria potestas* over her minor children, Jaime José, Luz, Estela Catalina, Marina Petra Luz, and Leopoldo José Eulogio Vázquez y López, by delivering to her a copy of said writ, of the complaint, and of the other documents attached thereto, at her residence in Santurce, Parque Street No. 5, (San Juan), and that he likewise notified Arturo Leopoldo and Luisa Ana María Vázquez y López, also at the same house, leaving with them a copy of the said writ . . . . It also appears from the record that on November 24, 1916, J. R. F. Savage, as attorney for Luisa López Laborde, in her own behalf and as mother with *patria potestas* over her minor children, Jaime José, Luz, Estela Catalina, María Petra Luz, and Leopoldo José Eulogio Vázquez y López, appeared in court to request the nullity of the proceeding, and he also appeared as attorney for Arturo Leopoldo and Luisa Ana María Vázquez y López. In the complaint they sought not only to annul the writ issued on November 11, but also to set aside the formal demand made pursuant to such writ, and set up as grounds therefor the following: They acknowledged that by deed number 14, executed on March 30, 1936, before Notary José Martínez Dávila, the defendants mortgaged in favor of the plaintiff Cipriano Santos y Lanchas, house No. 24 on San José Street, San Juan, to secure the payment of $8,400; that the plaintiff alleged in his complaint that the defendants had not paid the interest on the mortgage pertaining to the months from June to October and to that part of November which had already elapsed, all of the year 1916, and that such allegation

was totally false, since said interest had been paid by the defendants, as appears from the receipts signed by the plaintiff and corresponding to each of the said months; that as he had paid the interest, and as the mortgage had two years to run before it became due, the debt was not yet demandable, and therefore the plaintiff was not entitled to demand the foreclosure of the mortgage by summary process. The judge of the court, Hon. Félix Córdova Dávila, set a day for hearing the parties and for the introduction of evidence on the motion, and although the record proper does not show it, the fact is, according to some evidence which was appended to the record, that documentary and expert evidence was introduced, and on February 6, 1917, the court made an order from which we transcribe the following:

" 'WHEREAS, the defendants have filed a motion alleging that they had paid the interest on the mortgage up to the month of October 1916, which motion was opposed by the plaintiff on the ground that said receipts were false, and thereupon the court appointed experts, with the consent and approval of the parties, to make a comparison with unquestioned signatures of the plaintiff;

" 'WHEREAS, from the report of the experts and from the other evidence introduced it appears that said receipts are false.'

"Then the court ordered the issuance of a writ directed to the marshal to sell at public auction the property the object of the proceeding. It further appears that the property was subsequently sold and awarded to the plaintiff Cipriano Santos y Lanchas, who was the only bidder at the auction, and that the award was made for the sum of $9,710.00, in partial satisfaction of his mortgage credit. . . .

"The plaintiff in his original and supplemental briefs, in arguing the grounds for nullity of the foreclosure proceeding, case No. 9232, emphasizes the point that a formal demand for payment made by a private individual is null and void, as the marshal is the officer on whom the law imposes the obligation to make such demand. This question has already been settled by the Supreme Court and it is unnecessary to cite any authorities. So that, as regards this ground for nullity, we must consider that the proceeding is void. But was plaintiff's appearance in the foreclosure proceeding effective? He now alleges in the case at bar that the writ demanding payment was served on him by a private individual, not as a person of legal age, but as a minor and through his mother; that no attachment was levied on the property prior to the sale; and that the formal demand for payment was made by a private individual.

However, in neither of the two motions of record, signed by Attorney Savage, was it stated that Leopoldo J. E. Vázquez Prada y López was of age, or that he had not been personally served with a demand for payment. It has already been held that the appearance of an attorney in behalf of the defendant binds the latter when such appearance is not seasonably challenged. The fact should not be overlooked that said proceeding was taken in the year 1916. We do not know the present whereabouts of Mr. Savage. The mere allegation of the plaintiff that the defendant Cipriano Santos y Lanchas knew that plaintiff was of age on the day the formal demand for payment was made, is not supported by any evidence whatsoever. On the contrary, the logical presumption to be inferred from the mortgage deed itself is that Cipriano Santos y Lanchas was bound to assume that the plaintiff herein was a minor at that time. The appearance of a minor is effected through his guardian, or his father, or the person legally representing him. If plaintiff Vázquez Prada consentend to Mr. Savage appearing before the court and arguing against the writ demanding payment and the service thereof, which he alleged to be null and void, such acts prejudice him, because a party can not voluntarily submit to the jurisdiction of a court to pray for the nullity of a judicial proceeding, and then set up new and different grounds for nullity after the court has decided against his original claim. On the other hand, from 1916 to the filing of the complaint herein on November 5, 1931, fifteen years have elapsed, and no satisfactory ground or reason has been adduced to justify the conduct of the plaintiff in allowing such a long time to elapse without challenging the acts of Attorney Savage, which under the law must be presumed to have been performed with the utmust good faith and with full authority from his client. So that, even admitting, since it is a fact which has been fully established, that the formal demand for payment in the foreclosure proceeding, case No. 9232, was served by a private individual, the circumstance that the plaintiff has appeared in this suit, seeking the setting aside of the writ demanding payment and of the service thereof has cured any vice or defect that may have attached to said demand for payment. The situation would be different if plaintiff Vázquez Prada had never appeared in case No. 9232. The plaintiff says that an attorney can bind his client when the latter is of full age, but in order to represent minors he must have an authorization from the district court, as provided by section 182 of the Revised Civil Code. This legal provision is applicable to the author-

ization which guardians must have for performing certain acts concerning the property of minors; but we are not aware of any legal provision requiring judicial authorization for a mother representing her minor children to provide for their defense against a suit wherein they are made parties defendant.

"The plaintiff also says that the decision of the court above referred to upon the pleadings submitted by the Attorney Savage and the silence of the defendants in regard to the statements of that court, can not create a juridical situation favoring the defendants.

"We are not in any way passing upon the grounds or reasons which Judge Córdova Dávila may have had for saying what he did in the case in question. *What we do definitely hold is that, as the defendant in that case appeared through his attorney in the foreclosure proceeding and prayed for the setting aside of the writ and of the demand for payment, such appearance cured any vice or defect existing in the same either because no mention was made of the circumstance that he was of age or because of the failure to expressly allege that he had not been personally served with process as now alleged by him.*

"The question raised as a ground for nullity, to the effect that the property the object of the proceeding had not been attached prior to the execution, has already been passed upon in several decisions and need not now be discussed ● * *.

"The grounds for nullity having thus been disposed of, and as the remaining causes of action set forth in the complaint are merely consequential, a discussion thereof becomes unnecessary. The complaint is dismissed without special imposition of costs." (Italics ours.)

■ In our opinion the district court went too far in concluding that the plaintiff was bound by the acts of the attorney in the foreclosure proceeding.

What is shown by the record is that Mr. Savage appeared as attorney for Mrs. López Laborde, the latter acting for herself and on behalf of her minor children, among which the defendant was mentioned. With this as an only basis, how can it be concluded that the defendant was duly represented?

If the plaintiff was of legal age at that time, he had a right to act for himself, to appoint his own attorney. The mother was without authority to act for him. Any repre-

sentation that she may have conferred on her attorney, upon the assumption that her child was a minor, was ineffectual as the child was of full age at that time.

██ The judgment appealed from is not, therefore, well founded; but as it is not from the reasoning of the lower court but from the judgment itself that an appeal is taken, we continued to study the present appeal in order to determine whether the judgment complained of could be sustained upon the defenses of *res judicata* and another action pending opportunely set up by the defendants, and we find that the statement of the case is so deficient that it does not enable us to reach a conclusion on this point.

The records of the suits introduced in evidence by the defendants are described in the statement of the case by their titles only. The appellant sets forth the grounds on which he based his objection to their admission when they were offered in evidence, but he has failed to transcribe the pleadings or the judgments.

An anomalous situation is thus created. The law (sec. 306 of the Code of Civil Procedure, 1933 ed.) provides that when the judgment, order, or decree of the court below shall be reversed, the court shall proceed to render such judgment, order, or decree as the court below should have rendered, except when it is necessary that some matters of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below. The appellant has not placed us in a position to fulfill the duty imposed upon us by the law, and on that ground alone, in proper cases, an appeal might be dismissed, with the result that the judgment of the district court, which is presumed to be correct and to have been rendered in conformity with the pleadings and the evidence, would be affirmed.

But as from the express statements of the trial court we know that the defenses which might perhaps support its judgment were not taken into consideration by it in rendering its

decision, and as we have reached the conclusion that the ground on which it based its refusal to annul the foreclosure proceeding involved, notwithstanding its acknowledgment of the existence of one of the grounds adduced therefor, was erroneous, we think that justice requires that the case be remanded to that court to be more fully considered and determined.

Two days before the hearing of the appeal, the appellees moved to dismiss the same on the grounds that the brief of the appellant did not comply with the rules of this court and that the statement of the case filed was insufficient. On the next day the appellant filed a motion for leave to amend the said statement of the case and for a postponement of the hearing. The court did not grant the postponement sought but took both motions under advisement to be decided when the appeal should be considered on the merits.

The brief of the appellant in truth fails to comply fully with the rules of this court, but it sets forth with sufficient clearness the questions involved, and the appellees should have been and actually were able to understand it and to file without difficulty their full answer thereto. Therefore, the dismissal of the appeal on that ground does not lie.

An amendment of the record might really be the proper way to place this court in a position to decide the appeal with full knowledge of all that transpired in the proceedings had. However, we think that a remand of the case to the court below for a fuller consideration and determination will permit a broader study of the questions involved and a more correct decision thereof, both by the district court and by this Supreme Court, should the matter come up again before us for review.

For all the foregoing reasons, the motions to dismiss and for correction of the record should be denied, the judgment appealed from reversed, and the case remanded to the district court for further proceedings in conformity with this opinion.